IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUENTAN JACKSON, #Y29679, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20−cv−976−DWD |
| ) | |
| MITCHELL, ) | |
| KIM JOHNSON, ) | |
| BOB ALLARD ) | |
| LT. LASTER, ) | |
| J.D. VAUGHN, ) | |
| B. VAUGHN, and ) | |
| SGT. AUSTIN, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff Quentan Jackson, formerly an inmate of the Illinois Department of Corrections ("IDOC"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center ("Shawnee"). Plaintiff claims that the Defendants used excessive force on him and/or failed to intervene.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law

1

is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1):  On May 13, 2020, Defendants J.D. Vaughn and B. Vaughn assaulted Plaintiff in his cell.  (*Id.*, pp. 9-10). Plaintiff was then placed in the segregation area, where Defendants Austin and Laster observed him being roughly handled but did not intervene. (*Id.*, p. 10).  Austin and Laster also ignored his requests for medical attention for pain in his back and wrist.  (*Id.*). Plaintiff was seen in the health care unit ("HCU") on several occasions over the following month complaining of back and wrist pain.  (*Id.*, pp. 19-24).

Based on the allegations in the Complaint, the Court designates the following Counts:

> **Count 1:** **Eighth Amendment claim for excessive force and failure to intervene against J.D. Vaughn, B. Vaughn and Austin; and**
>
> **Count 2:** **Eighth Amendment deliberate indifference to a serious medical issue against Defendant Austin.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any claim that is mentioned**

**in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under** *Twombly*.[1]

### Discussion

### Initial Dismissals

As an initial matter, several of the putative Defendants must be dismissed. First, Defendants Laster and Allard are not listed in the case caption. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). If Plaintiff wishes to bring a claim against Laster and/or Allard, he must submit an amended complaint.

Second, Plaintiff fails to state any claims against Mitchell (the warden of Shawnee at the time of the incident) or Johnson (a grievance officer). No allegations are made against either individual. "[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a defendant, a plaintiff must describe what each named defendant did (or failed to do), that violated the plaintiff's constitutional rights. Mitchell's name does not appear at all in the materials included with the Complaint, while Johnson

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

appears only as the grievance officer who recommended denial of Plaintiff's grievance. (Doc. 1, p. 11). Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). See also *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Accordingly, Defendants Laster, Allard, Mitchell and Johnson are **DISMISSED without prejudice**.

### Count 1

The Cruel and Unusual Punishments Clause of the Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. See *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976). Additionally, corrections officers "who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable for failure to intervene. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005).

Plaintiff has adequately stated excessive force claim against J.D. Vaughn and B. Vaughn, as well as a failure to intervene claim against Austin.

### Count 2

An inmate pursuing an Eighth Amendment claim deliberate indifference claim must establish: (1) a serious medical condition (objective element); and (2) an official's deliberate indifference to that condition (subjective element). *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir.

2012).  Plaintiff has adequately stated such a claim against Austin for ignoring his requests for medical treatment after the assault(s).

## Additional Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3).  There is no constitutional or statutory right to counsel for a civil litigant.  *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).  Determining whether to appoint counsel is a two-step analysis: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so; and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  The first prong of the analysis is a threshold question. If a plaintiff has made insufficient attempts to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Here, Plaintiff has included details for only one attorney he has contacted.  (Doc. 11).  Moreover, it does not appear that the case is beyond Plaintiff's competence to litigate at this point.  Although Plaintiff states he has only a partial high school education, his pleadings appear coherent and effective to communicate his claims.  The claims are relatively straightforward.  As such, Plaintiff's Motion is **DENIED without prejudice**.  Should wish to request counsel again, he should submit details regarding his attempts to obtain counsel, including who he applied to, by what means, and whether he received a response.

Plaintiff has also filed a Motion for Service of Process at Government Expense (Doc. 4), which is **DENIED as moot**. Plaintiff was granted in forma pauperis status (Doc. 9). It is not necessary for a litigant proceeding in forma pauperis to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service as detailed below.

Finally, Plaintiff has filed a Motion to Add Exhibits regarding these other motions (Doc. 10). It is **GRANTED**.

## Disposition

The Complaint (Doc. 1) survives initial screening as described above. Defendants Laster, Allard, Mitchell and Johnson are **DISMISSED** without prejudice, and the Clerk of Court is **DIRECTED** to terminate them in the Court's CM/ECF system. Plaintiff's Motion to Recruit Counsel (Doc. 3) is **DENIED without prejudice.** Plaintiff's Motion for Motion for Service of Process at Government Expense (Doc. 4) is **DENIED as moot.** Plaintiff's Motion to Add Exhibits (Doc. 10) is **GRANTED**.

The Clerk of Court shall prepare for Defendants J.D. Vaughn, B. Vaughn and Austin: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on

Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** May 25, 2021

_____
**DAVID W. DUGAN**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been

achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**