UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **QUENTAN JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.  3:20-cv-00976-GCS |
| ) | |
| **J.D. VAUGHN, B. VAUGHN, and SGT.** ) | |
| **AUSTIN,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

On October 4, 2021, the Court set this matter for telephone hearing for October 20, 2021 at 10:00 a.m. on Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 27). (Doc. 38). The record reflects that Plaintiff was released from the Illinois Department of Corrections in March 2021. (Doc. 17). Though Plaintiff filed a change of address with the Court, documents sent to Plaintiff have been returned as undeliverable. *See* (Doc. 23, 32, 34, and 36). On October 20, 2021, the Court held a telephone status conference on Defendants' motion to dismiss, and Plaintiff failed to appear. (Doc. 39). Accordingly, the Court ordered Plaintiff to show cause, in writing, on or before November 11, 2021, to explain why the case should not be dismissed for failure to prosecute. (Doc. 41). Plaintiff has failed to respond, and the time to do so has since elapsed.

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v.*

*Bouldin*, 136 S.Ct. 1885, 1892 (2016). Under this authority, district courts have an obligation to secure the just, speedy, and inexpensive resolution of the actions and proceedings before it. *See* FED. R. CIV. PROC. 1. "District court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). This Court has approximately 150 cases pending before it. The expedient resolution of both this case, and the numerous other cases on the Court's docket require that the Court enforce its deadlines and the stated consequences for failing to meet those deadlines. Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure of the plaintiff to prosecute or comply with a court order. *See* FED. R. CIV. PROC. 41(b). A dismissal under this rule is as an adjudication on the merits. *Id.* Although Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so, Plaintiff is nevertheless required to comply with Court orders and the local rules, including the obligation to notify the Court of any change in address. *See* SDIL-LR 3.1(b). Accordingly, the Court **DISMISSES** this action **with prejudice** pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

In an abundance of caution, and noting Plaintiff's *pro se* status, the Court advises Plaintiff as follows. Plaintiff has two means of contesting this order: he may either request this Court review this order, or he may appeal the order to the Seventh Circuit Court of Appeals.

If Plaintiff chooses to request this Court review this order, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Plaintiff *must* file the motion within twenty-eight (28) days of the entry of judgment; the deadline *cannot* be extended. *See* FED. R. CIV. PROC. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *See Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Northwestern Med. Faculty Foundation, Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)(stating that a party must establish either manifest error of law or fact, or that newly discovered evidence precluded entry of judgment in order to prevail on a Rule 59(e) motion) (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be tolled. *See* FED. R. APP. PROC. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. *See* FED. R. APP. PROC. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). However, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–820 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

In contrast, if Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal from the entry of judgment or order appealed from *within 60 days*. *See*

FED. R. APP. PROC. 4(a)(1)(B) (emphasis added). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. *See* FED. R. APP. PROC. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012)(explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011)(explaining the excusable neglect standard).

Plaintiff may appeal to the Seventh Circuit by filing a notice of appeal in this Court. *See* FED. R. APP. PROC. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. *See* FED. R. APP. PROC. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. PROC. 24(a)(1). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Plaintiff is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: November 15, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.11.15 11:45:22 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**